IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GEORGE LYLES                                                                                       PLAINTIFF

vs.                                         Civil No. 2:12-cv-02301

CAROLYN COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

George Lyles ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed applications for DIB and SSI on April 16, 2010.  (Tr. 11, 113-114).[1]  Plaintiff alleged he was disabled due to arthritis, borderline IQ, and anxiety.  (Tr. 135).  Plaintiff alleged an onset date of January 1, 2008.  (Tr. 11).[2]  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

[2] At the hearing, Plaintiff amended his alleged onset date to April 16, 2009 which effectively withdraws Plaintiff's Title II claim since he was last insured on March 31, 2008.

1

reconsideration. (Tr. 54-57, 60-71).

On January 11, 2011, Plaintiff requested an administrative hearing on his applications. (Tr. 72). This hearing request was granted, and a hearing was held on June 3, 2011 in Fort Smith, Arkansas. (Tr. 23-53). At this hearing, Plaintiff was present and represented by counsel, Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" 20 C.F.R. § 404.1563(c) (2008), and had an eighth grade education. (Tr. 26).

On October 14, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status of the Act through March 31, 2008. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2008. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease, learning disorder, and anxiety disorder. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-17). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 16). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for the full range of light work. (Tr. 15, Finding 5). The ALJ also found Plaintiff could only occasionally

2

climb, balance, crawl, kneel, stoop, and crouch. *Id.* The ALJ also limited Plaintiff to work where interpersonal contact was incidental to the work performed; complexity of tasks was learned and performed by rote with few variables and little judgment required; and supervision required was simple, direct, and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The ALJ found Plaintiff had PRW as a material handler. *Id.* The ALJ determined Plaintiff was unable to perform his PRW. *Id.* The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 49-51). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a machine tender with 2,599 such jobs in Arkansas and 248,177 such jobs in the nation and as an assembly worker with 11,184 such jobs in Arkansas and 657,969 such jobs in the nation. (Tr. 18). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On October 18, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 4, 2012, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a

preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

4

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12. Specifically, in his appeal brief, Plaintiff claims the ALJ erred: (1) in failing to properly develop the record, (2) in his RFC determination, and (3) in his failure to give proper weight to a physician's opinion. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

**A. Duty to Develop Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d

5

1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have obtained a consultative examination and as a result of not doing so, the ALJ failed in his duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Plaintiff also argues the ALJ should have obtained another consultative examination because a certified nurse practitioner, Marie Pham-Russell, examined Plaintiff instead of Dr. Rebecca Floyd, and therefore, was an unacceptable medical source. ECF No. 12, Pgs. 8-10. Plaintiff underwent a disability physical by Dr. Floyd on September 15, 2010 and the report was signed by certified nurse practitioner, Marie Pham-Russell and Dr. Floyd. (Tr. 177-181). Dr. Floyd's report states Plaintiff had a steady gait, no muscle weakness or atrophy, normal range of motion in all his joints, and negative straight leg raises. (Tr. 179-180).

Acceptable medical sources include licensed physicians and licensed or certified psychologists. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Medical opinions are statements from an acceptable medical source that reflect a judgment about the nature and severity of a claimant's impairment, including symptoms, diagnosis, prognosis, and what a person can still do despite those impairments.

6

*See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). However, the medical source the agency selects may use support staff to help perform the consultative examination, and this includes a nurse. *See* 20 C.F.R. §§ 404.1519g(c), 416.919g(c).

There was no error in the ALJ's reliance on the consultative report of Dr. Floyd and I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for the full range of light work. (Tr. 15, Finding 5). The ALJ also found Plaintiff could only occasionally climb, balance, crawl, kneel,

7

stoop, and crouch. *Id.* The ALJ also limited Plaintiff to work where interpersonal contact was incidental to the work performed; complexity of tasks was learned and performed by rote with few variables and little judgment required; and supervision required was simple, direct, and concrete. *Id.* Plaintiff argues the ALJ erred in this RFC determination because it was not supported by the medical evidence. ECF No. 12, Pgs. 10-11. However, substantial evidence supports the ALJ's RFC determination.

Despite an alleged onset date of April 16, 2009, there does not appear to be any treatment until August 6, 2010. (Tr. 211-225). On that date, Plaintiff was seen at the Sparks Regional Medical Center complaining of back and neck pain. *Id.* A CT scan of Plaintiff's pelvis showed a mildly displaced fracture of the left transverse process at the L2, L3, and L4 levels of the lumbar spine. (Tr. 223, 225). The physical examination revealed normal clinical examination findings. (Tr. 217-18). Plaintiff received a diagnosis of fractures of the left transverse process and was discharged in stable condition. (Tr. 218).

As discussed above, Plaintiff underwent a disability physical by Dr. Floyd on September 15, 2010. (Tr. 177-181). Dr. Floyd's report states Plaintiff had a steady gait, no muscle weakness or atrophy, normal range of motion in all his joints, and negative straight leg raises. (Tr. 179-180). Also, Dr. Bill Payne indicated, based on his review of Plaintiff's medical, that Plaintiff had only non-severe impairments. (Tr. 202-205).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing light work. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical

evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Weight Given To Physician's Opinion

According to Plaintiff, the ALJ erred by failing to assign weight too and rejecting the opinions of Dr. Robert Spray who prepared a Mental Diagnostic Evaluation of Plaintiff on August 26, 2010. ECF No. 12, Pg. 11. However, the ALJ did not reject Dr. Spray's opinions, and discussed the report throughout his opinion. (Tr. 14-17). Further support of Dr. Spray's opinions in the ALJ decision is shown by the fact that the ALJ limited Plaintiff to work where interpersonal contact was incidental to the work performed; complexity of tasks was learned and performed by rote with few variables and little judgment required; and supervision required was simple, direct, and concrete. (Tr. 15).

There was no error in the ALJ's reliance on the consultative report of Dr. Spray.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 31st day of October, 2013.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE